**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTHONY A. WASHINGTON,**

        **Plaintiff,**

**v.**                                          **Case No:  6:12-cv-1135-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Anthony A. Washington (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to identify good cause, supported by substantial evidence, for giving significant weight to the objective physical and clinical findings of the consultative examining physician, Dr. Edwin Lamm, M.D., but then giving little weight to Dr. Lamm's ultimate opinion that Claimant cannot lift and "probably would not be able to fulfill his needed activities should he be looking to return for any employment." Doc. No. 18 at 8-10 (quoting R. 263). Claimant maintains that the ALJ's decision demonstrates that the ALJ was confused over the meaning of Dr. Lamm's conclusions and the ALJ should have sought additional information or recontacted Dr. Lamm. Doc. No. 18 at 10. Claimant also argues that the ALJ's negative credibility determination is not supported by substantial evidence. Doc. No. 18 at 10-12. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

I.     ANALYSIS.

   A.  Dr. Lamm.

The dispositive issue in this case is whether the ALJ erred by rejecting a portion of Dr. Lamm's opinion while giving significant weight to the balance of the opinion.  Doc. No. 18 at 7-10.  The Commissioner asserts that the ALJ provided good cause, supported by substantial evidence, for giving little weight to Dr. Lamm's ultimate opinion that Claimant cannot lift and would not be able to fulfill work-related activities if he returned to work.  Doc. No. 19 at 6-9.[1] The Commissioner also maintains that the ALJ's decision does not reflect that the ALJ was confused about the meaning of Dr. Lamm's ultimate opinion and, therefore, pursuant to 20 C.F.R. § 404.1512(e)(1) (2011), the ALJ had no duty to contract Dr. Lamm.  Doc. No. 19 at 10.[2]

The ALJ's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580,

---

[1] The Commissioner devotes approximately two-and-a-half pages of argument to record evidence not relied upon by the ALJ in his decision for giving little weight to a portion of Dr. Lamm's opinion.  Doc. No. 19 at 7-9.  For example, after noting that the ALJ found that a portion of Dr. Lamm's opinion is not consistent with the other medical evidence, the Commissioner, not the ALJ, then provides the record evidence which the Commissioner believes is inconsistent with that portion of Dr. Lamm's opinion.  Doc. No. 19 at 7-9.  Based on the Commissioner's discussion of that record evidence, the Commissioner maintains that the reasons articulated by the ALJ are supported by substantial evidence.  Doc. No. 19 at 9. The Eleventh Circuit has stated that "a court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order."  *Baker v. Commissioner of Social Security*, 2010 WL 2511385 at *3 (11th Cir. June 23, 2010) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974) (emphasis in original)).  Accordingly, in this case, if the ALJ's findings with respect to Dr. Lamm are to be upheld, they must be upheld based upon the evidence and reasons articulated by the ALJ, not the Commissioner.

[2] 20 C.F.R. § 404.1512(e)(1) was amended on March 26, 2012, after the date of the ALJ's decision.  *See* 77 FR 10651-01, 2011 WL 7404303 (Feb. 23, 2012).  Accordingly, in this case the applicable regulation is 20 C.F.R. § 404.1512(e)(1) (2011).

584 n.3 (11th Cir. 1991).  The Court may not reweigh the evidence or decide the facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight.  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).[3]  While the opinion of a one-time examining physician may not be entitled to deference, especially when it contradicts the opinion of a treating physician, the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician.  *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (opinions of one-time examiners are not entitled to deference because they are not treating physicians).  The opinions or findings of a non-examining physician are entitled to little weight when they contradict the opinions or findings of a treating or examining physician.  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.  *See Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008)

---

[3] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority.

(failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").

It is not uncommon for this Court to be presented with generalized statements from an ALJ that a treating or examining physician's opinion, which contains limitations beyond those found by the ALJ, is inconsistent with their own treatment notes, unsupported by the record as a whole, or fails to document the type of findings one would expect if the claimant were disabled. The Court has routinely rejected such generalized statements as conclusory and insufficient to meet the obligation to establish good cause for giving an opinion less than substantial or considerable weight, as well as the obligation to state with particularity the weight given to the physician's opinion and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). When such generalized statements are unaccompanied by more specific statements and supporting record citations, the Court is unable to find that substantial weight supports the ALJ's decision. *See Id.*

Dr. Lamm's opinion is the only opinion in this case from a treating or examining physician. On July 29, 2010, Dr. Lamm conducted a consultative physical examination of Claimant on behalf of the Commissioner. R. 262-63. Dr. Lamm noted that Claimant worked as a truck driver until 2008, and he weighed 403 pounds. R. 262. Physical examination revealed: markedly obese male who walks with slow but regular gait; ability to walk on heels and toes; some difficulty rising from a chair and difficulty getting off examination table due to low back pain; normal mental status exam; three plus edema in left lower leg below knew; one plus edema on the right lower leg; swollen and painful left knee; zero deep tendon reflexes; slightly reduced

motor strength in left lower extremity associated with leg swelling; negative straight leg testing in seated position, but positive straight leg testing supine at 20 degrees bilaterally due to low back pain and pain in the hips; 5/5 grip strength in the hands; some limitation in range of motion in cervical spine and lumbar spine; normal flexion in shoulders, elbows, wrists, and hands; limited hip flexion due to low back pain and obesity; limited knee flexion due to obesity and edema. R. 262-63.  Dr. Lamm also performed x-rays of Claimant's lumbar spine and left knee, which were difficult to evaluate due to Claimant's obesity. R. 263.  Dr. Lamm's impressions were: 1) morbid obesity; 2) chronic low back pain based on a April 2009 magnetic resonance imaging ("MRI") showing disc bulge at L4-5 and L5-S1 with mild canal stenosis and a questionable annular tear at L4-5; and 3) chronic edema of the left lower extremity of unknown etiology. R. 263.  Dr. Lamm ultimately opined that Claimant "who has been a truck driver cannot lift and probably would not be able to fulfill his needed activities should he be looking to return for any employment." R. 263.  Thus, based upon his physical examination, x-rays, and a review of an April 2009 MRI, Dr. Lamm opined that Claimant "cannot lift," and "probably would not be able to fulfill his needed activities should he be looking to return for any employment." R. 263.

In the decision, the ALJ provides a thorough description of Dr. Lamm's physical and clinical findings. R. 15.  The ALJ then states the following:

> As for the opinion evidence, the [ALJ] accords significant weight to the objective physical examination and clinical studies findings from . . . Dr. Lamm, MD.  However, the [ALJ] gives little weight to his opinion that the claimant is unable to lift and unable to fulfill his needed activities to return for any employment, as this conclusion is unsupported by his own notes and the overall medical evidence of record.  Dr. Lamm may have rendered this statement to indicate that the claimant would have difficulty if he tried to return to his past work as a truck driver.

R. 16. Thus, the ALJ gives little weight to Dr. Lamm's ultimate opinion because: 1) it is unsupported by Dr. Lamm's treatment notes; and 2) the overall medical evidence of record. R. 16. The ALJ surmises that Dr. Lamm may have meant to state that Claimant would have difficulty returning to his past-relevant work as a truck driver. R. 16.

The ALJ's stated reasons for giving little weight to that portion of Dr. Lamm's opinion are not supported by substantial evidence for two principal reasons. First, as set forth above, generalized statements that an opinion is inconsistent with the physicians own treatment notes or the record as whole are conclusory and insufficient unless the ALJ articulates specific factual support with record citations, which the ALJ failed to provide in this case. *See* supra pp. 3-4.[4] Second, in *Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720 at *6 (M.D. Fla. Jan. 28, 2009), the Court held:

> When assessing the Plaintiff's impairments, the ALJ was required to make "specific and well-articulated findings . . ." [b]ecause an ALJ is not permitted to substitute his judgment for that of the medical experts, the ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision. Where an ALJ fails to sufficiently explain how he reached his decision, the Court may not speculate.

*Id.* (emphasis added) (quoting *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)). Therefore, reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others. The Court finds *Monte* highly persuasive. *Id.* In this case, the ALJ failed to provide specific and well-articulated findings to reject a portion of Dr. Lamm's opinion. R. 16. Moreover, as discussed above, the

---

[4] Contrary to the Commissioner's argument, the ALJ did not note that Dr. Lamm's ultimate conclusion is inconsistent with his own notes because of the Claimant's grip strength and normal ranges of motion in the shoulders, elbows, wrists and hands. *Compare* Doc. No. 19 at 6 *with* R. 16. The ALJ simply stated in conclusory fashion that Dr. Lamm's opinion is inconsistent with his notes without providing any factual support. R. 16. Furthermore, the Court is uncertain that having normal grip strength is necessarily inconsistent with an inability to lift considering the Claimant's chronic back pain and lower extremity edema. Nevertheless, the ALJ did not provide any factual support for her conclusion that Dr. Lamm's opinion is inconsistent with his notes, and neither the Commissioner nor the Court can make those findings or provide that support for the ALJ.

reasons given by the ALJ for discounting a portion of Dr. Lamm's opinion were not supported by substantial evidence. Accordingly, reversal is required.

The ALJ's statement that "Dr. Lamm <u>may</u> have rendered this statement to indicate that the claimant would have difficulty if he tried to return to his past work as a truck driver," leads the Court to conclude that the ALJ was unsure as to the precise meaning of Dr. Lamm's ultimate conclusion. R. 16 (emphasis added). At the time of the ALJ's decision, the regulations provided that: "[the ALJ] will seek additional evidence or clarification from your medical source when the report . . . contains a conflict or ambiguity that must be resolved." 20 C.F.R. § 404.1512(e)(1) (2011). If, as the ALJ suggests, Dr. Lamm only meant to state that Claimant could not return to his past-relevant work as a truck driver rather than Claimant is precluded from all work, then recontacting Dr. Lamm as the regulations require when there is a material ambiguity would have likely resolved this issue because there would then be no conflict between Dr. Lamm's opinion and the ALJ's decision. R. 16.[5] While the case must be reversed for the reasons set for above, on remand the ALJ should recontact Dr. Lamm to determine the precise meaning of his ultimate opinion.

**B. Credibility.**

With respect to the ALJ's negative credibility finding, because the ALJ failed to properly evaluate Dr. Lamm's consultative opinion, the ALJ's credibility finding is necessarily not supported by substantial evidence. *See Williams v. Astrue*, Case No. 3:10-cv-235-J-JBT, 2011 WL 721501 at *3 (M.D. Fla. Feb. 22, 2011) (finding credibility determination not supported by substantial evidence because the ALJ failed to properly evaluate consultative examiner's opinion

---

[5] In other words, if the ALJ was certain that Dr. Lamm only meant that Claimant could not return to his past-relevant work, then the ALJ would likely have given that opinion significant weight because the ALJ also found that the Claimant could not return to his past-relevant work as a truck driver. R. 16-17.

and SSR 96-7p requires that the ALJ properly consider entire record when evaluating credibility)).

## II. REMEDY.

Claimant requests reversal and a remand for an award of benefits. Doc. No. 18 at 12. A reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). As set forth above, the Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The record appears to contain ambiguous opinion regarding the Claimant's condition. *See* R. 67-74. Based on this record, the undersigned cannot find that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, a remand for further proceedings is appropriate.

## III. CONCLUSION.

For the reasons stated above, it is **ORDERED that**:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of Section 405(g);

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on August 29, 2013.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate, Esq.
P.O. Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Julia A. Terry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, Florida 32817-9801